**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BELFOR USA GROUP, INC.,**
          **Plaintiff,**

-vs-                                                  **Case No.  6:05-cv-1624-Orl-18UAM**

**BRAY & GILLESPIE, LLC, a/k/a**
**Bray & Gillespie Management, LLC,**
**WESTCHESTER SURPLUS LINES**
**INSURANCE COMPANY,**
**AXIS REINSURANCE COMPANY,**
**WACHOVIA BANK, N.A.,**
          **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ORDER APPROVING SAME AS TO CONFIDENTIALITY OF DISCOVERY (Doc. No. 105)** |
| **FILED:** | May 29, 2007 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

The parties have agreed to protect the confidentiality of certain information exchanged by discovery or through other means in the litigation.  The parties move for the Court to approve their agreement.

The Case Management and Scheduling Order provides that the parties may reach their own agreements regarding confidentiality, which agreements need not be endorsed by the Court. Doc. No. 30 at 3.

To the extent that the parties believe that Court authorization is needed for some purpose, the proposed confidentiality order would not be approved. To be approved by the Court, confidentiality agreements must be limited to specific documents or categories of documents that are entitled to confidential treatment under the law. The general description of confidential documents as "trade secrets or other confidential business or commercial information" is too broad to meet this definition. *See, e.g., Lockheed Martin Corp. v. Boeing Co.*, No. 6:03CV796ORL28KRS, 2005 WL 5278461 (M.D. Fla. Jan. 26, 2005).

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2007.

Karla R. Spaulding

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record